UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIRTHA GARCIA,

Plaintiff,

vs.                                                      Case No.:

PREMIUM ASSET SERVICES, LLC,

Defendant.

_____/

## COMPLAINT

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, §1337, and §1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

3. This action arises out of Defendant's violations of the FDCPA and the FCCPA, and its illegal efforts to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

1

## PARTIES

5. Plaintiff, Mirtha Garcia, is a natural person who resides in the City of Miami, County of Miami-Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Premium Asset Services, LLC is a collection agency operating from an address of 3540 W. Sahara Avenue, #810, Las Vegas, NV 89102, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Florida Statute § 559.55(6).

7. Defendant, Premium Asset Services, LLC regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

8. Defendant, Premium Asset Services, LLC regularly collects or attempts to collect debts for other parties.

9. Defendant, Premium Asset Services, LLC is a "debt collector" as defined in the FDCPA and FCCPA.

10. Defendant, Premium Asset Services, LLC was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Florida Statute § 559.55(1).

12. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

14. Defendant has failed to send a letter to Plaintiff notifying her of her rights and privileges under the law.

15. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not she owes the alleged debt and whether the alleged debt was correctly calculated.

## COLLECTION CALLS

16. On or about May and June 2013, Defendant, Premium Asset Services, LLC's collectors contacted Plaintiff by telephone in efforts to collect this debt; these attempts were "communications" to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) and Florida Statute § 559.55(5).

17. During these May and June 2013 phone calls, Defendant left voicemail messages on Plaintiff's voicemail, and failed to identify itself as a debt collector.

18. Defendant repeatedly attempted to collect this debt with intent to harass Plaintiff.

## SUMMARY

19. All of the above-described collection communications were made by the Defendant to Plaintiff's home telephone, and are in violation of 15 U.S.C. §1692, as well as the FCCPA §559.72.

20. All the above-described collection communications made to Plaintiff by Defendant, Premium Asset Services, LLC, and its collection employees, were made in violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to 15 U.S.C. §1692(d), and §1692(e), as well as Florida Statutes §559.72(10), and §559.72(12).

21. During its collection communications, Defendant failed to disclose its identity as debt collector, or otherwise provide Plaintiff with the notice required by 15 U.S.C. § 1692d(6), and §1692e(11), amongst others.

22. On multiple occasions, Defendant left voicemail messages for Plaintiff threatening to proceed with legal action, and suggesting that a Complaint was filed, or that it was in the process of being filed. In addition, some of the voicemail messages indicated that the call involved a property located on Northwest 11th Street, but failed to indicate that it was a debt collector or that it was an attempt to collect a debt. Further, some of the voicemail messages indicated that it would proceed with or without Plaintiff's cooperation, and that the call was proof of intent to notify before proceedings were started, in violation of multiple provisions of FDCPA, including but not limited to, 15 U.S.C. § 1692(e), namely 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(13), as well as Florida Statutes §559.72(10), and §559.72(12).

23. The above-detailed conduct by the Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7. Fed.R.Civ.P.38.

## CAUSES OF ACTION

### COUNT 1

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

25. Plaintiff incorporates by reference all of the above paragraphs 1 through 24 of this Complaint as though fully stated herein.

4

26. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

27. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

### FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR
### 15 U.S.C. §1692(e)

28. Plaintiff incorporates by reference all of the above paragraphs 1 through 24 of this Complaint as though fully stated herein.

29. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. 1692e(11).

## COUNT 3

### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
### 15 U.S.C. §1692(d)

30. Plaintiff incorporates by reference all of the above paragraphs 1 through 24 of this Complaint as though fully stated herein.

31. Defendant left voicemail messages for Plaintiff without making meaningful disclosures of its identity when it failed to disclose that it was debt collector, and failed to state the purpose of Defendant's communications, in violation of 15 U.S.C. 1692d(6).

## COUNT 4

### FALSE OR MISLEADING REPRESENTATIONS IN COMMUNICATIONS
### 15 U.S.C. § 1692(e)

32. Plaintiff incorporates by reference all of the above paragraphs 1 through 24 of this

5

Complaint as though fully stated herein.

33. Defendant left voicemail messages for Plaintiff threatening to proceed with legal action, and suggesting that a Complaint was in the process of being filed, in violation of multiple provisions of FDCPA, including but not limited to, 15 U.S.C. § 1692(e), namely 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(13).

34. Defendant violated § 1692e of the FDCPA by the foregoing acts.

35. Defendant used false, deceptive, and misleading representations or means in connection with debt collection, and in so doing, failed to comply with FDCPA, specifically 15 USC 1692e.

## COUNT 5

## HARASSMENT OR ABUSE
## 15 U.S.C. § 1692(d)

36. Plaintiff incorporates by reference all of the above paragraphs 1 through 24 of this Complaint as though fully stated herein.

37. Defendant engaged in conduct with the natural consequence of which was to harass, oppress, or abuse Defendant, when Defendant threatened to proceed with legal action.

38. Defendant also misrepresented that a Complaint was in the process of being filed, or that it had already been filed. These messages were left with the natural consequence of which was to harrass, oppress, or abuse Defendant.

39. By the foregoing acts, Defendant violated numerous provisions of FDCPA, including but not limited to 15 U.S.C. 1692(d), namely § 1692d(2) and § 1692d(6).

## COUNT 6

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692(g)

40. Plaintiff incorporates by reference all of the above paragraphs 1 through 24 of this Complaint as though fully stated herein.

41. Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt.

42. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

## COUNT 7

### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### FLORIDA STATUTE §559.55 et seq. ("FCCPA")

43. Plaintiff incorporates by reference all of the above paragraphs 1 through 24 of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FCCPA including, but not limited to, Florida Statute § 559.72 and § 559.715.

45. As a result of the Defendant's violations of the FCCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to Florida Statute § 559.77(2), and reasonable attorney's fees and costs pursuant to § 559.77(2), from the Defendant herein.

## COUNT 8

### VIOLATION OF 553.72(12) OF THE FLORIDA
### CONSUMER COLLECTION PRACTICES ACT

46. Plaintiff incorporates by reference all of the above paragraphs 1 through 24 of this Complaint as though fully stated herein.

47.     Defendant attempted to collect a debt by communicating with the debtor in a manner that gives the false impression or appearance that such person is or is associated with an attorney. Defendant's actions were done in violation of Florida Statute § 559.72(12), FCCPA.

## COUNT 9
### VIOLATION OF 559.72(10) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

48.     Plaintiff incorporates by reference all of the above paragraphs 1 through 24 of this Complaint as though fully stated herein.

49.     Defendant attempted to collect a debt from Plaintiff by using communications that give the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law. Defendant used communication that simulates in any manner legal or judicial process, in violation of Florida Statute § 559.72(10), FCCPA.

## COUNT 10
### VIOLATION OF 559.715 OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

50.     Plaintiff incorporates by reference all of the above paragraphs 1 through 24 of this Complaint as though fully stated herein.

51.     The Defendant did not provide written notice of the assignment of the right to bill and collect the debt, within 30 days after the assignment.

52.     Florida Statute § 559.715 does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment. The Defendant did not provide Plaintiff with said notice.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

a)  Damages;

b)  Reasonable attorney's fees and costs; and

c)  Such further relief as this Court may deem appropriate.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated: June 26, 2013

Respectfully submitted,

/s Monica Amor
LAW OFFICES OF MONICA AMOR, P.A.
Monica Amor, Esq.
E-mail: mamor@amorlaw.com
Florida Bar No: 0118664
6355 N.W. 36th Street, Suite 406
Virginia Gardens, Florida 33166
Telephone: (305) 526-8686
Facsimile:  (305) 526-1175
Attorney for Plaintiff